Mr. Justice Mac Arthur
delivered the opinion of the court:
Upon the facts stated it is quite clear that the defendant has been guilty of no negligence. The first carrier took the fare for the entire route, and gave a through check for the plaintiffs trunk, and that company is undoubtedly liable for its transportation through to Washington. It is now very well settled that, where a continuous line for transportation of passengers and freight is established by the owners of different railroads, the first carrier who receives fare for the whole route, and gives a through check for baggage, becomes liable for any loss or injury, not only on its own line, but on any other road in the connecting line throughout the whole distance. Central Railroad vs. Copeland, 24 Ill., 332; Lock Company vs. Nashua Railroad, 48 N. H., 330; S. C., 2 Redf Railway Cases, 290; Redf. Railway, 109, where the authorities on this point are reviewed.
The contract of the first company is to transport the pas. senger and his baggage to their destination without injury and without delay, and this rule meets public convenience by giving a certain remedy for any loss happening on any portion of the through line.
An arrangement between the companies, such as is disclosed by the testimony, may resemble, but it certainly does *495 not constitute, a partnership. Bach company in the connection receives its portion of the fare, according to a tariff established and regulated by its own will, and with regard to which the other companies are not consulted. They divide neither profits nor losses, but each receives its own fare through the agency of the first company. It would seem unreasonable to hold them responsible upon a principle of joint liability for any loss not occurring on their own road, except the company with which the contract was made. The trunk said to be lost in this case never came into the possession of the defendant’s agents to be transported, and was in fact lost on another portion of the line. The instruction, therefore, asked by defendant’s counsel was improperly refused. The judgment must be set aside, and a new trial ordered.